BURKE, WILLIAMS & SORENSEN, LLP
MICHAEL F. BELL, State Bar No. 89046
E-Mail:  mbell@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone:   (213) 236-0600
Facsimile:   (213) 236-2700

Attorneys for Defendant
Stonebridge Life Insurance Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARVIN CASTRO,<br><br>            Plaintiff,<br><br>v.<br><br>JC PENNEY LIFE INSURANCE COMPANY, STONEBRIDGE LIFE INSURANCE COMPANY AND DOES 1-10,<br><br>            Defendant. | CASE NO.  C 07-04996 PVT<br><br>**ANSWER BY STONEBRIDGE LIFE INSURANCE COMPANY TO COMPLAINT** |

        Defendant Stonebridge Life Insurance Company ("Stonebridge") answers the Complaint herein as follows:

        1.      Answering the allegations of Paragraph 1, the alleged fictitious Defendants Does 1 through 10 have not been served with the Summons and Complaint in this action and the Complaint fails to state any claim for relief against these fictitious Defendants.  Except as expressly admitted or alleged herein, Stonebridge denies the allegations of this paragraph.

/ / /

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4839-0680-9857 v1

CASE NO. C 07-04996 PVT
ANSWER BY STONEBRIDGE TO COMPLAINT

2.      Answering the allegations of Paragraph 2, Stonebridge lacks sufficient information or belief as to the allegations of this paragraph and, on that basis, denies those allegations.

3.      Answering the allegations of Paragraph 3, Stonebridge admits and alleges that Plaintiff is a resident of Santa Clara County, California, and a citizen of the State of California.  Stonebridge admits the remaining allegations of this paragraph on information and belief.

4.      Answering the allegations of Paragraph 4, Stonebridge admits and alleges that Mirian R. Ayllon ("Ayllon") was insured by Stonebridge under Certificate No. 84AHIV3978 for certain accidental death and dismemberment benefits, subject to the terms and conditions of the Certificate and Group Policy; that the Policy provides, under Part I, benefits for travel by common carrier; and specifically that the Policy provides a benefit of $1,000,000 if a Covered Person dies from bodily injuries caused by an accident as a direct result of a collision, crash, or sinking of a duly licensed Common Carrier while riding as a fare-paying passenger; and a Common Carrier is specifically defined by the Policy to mean "an air, land, or water public conveyance operated under a license for regularly scheduled passenger service; and that Exhibit A to the Complaint is an incomplete copy of the Policy.  Except as expressly admitted or alleged herein, Stonebridge denies the remaining allegations of this paragraph.

5.      Answering the allegations of Paragraphs 5 and 6, Stonebridge admits and alleges that is a corporation, organized and existing under the laws of the State of Vermont, with its principal place of business in the State of Texas; that Stonebridge was formerly known as J. C. Penney Life Insurance Company; Stonebridge is the proper party with respect to the Policy and Certificate at issue; and that venue is proper in this judicial district.  Except as expressly admitted or alleged herein, Stonebridge lacks sufficient information or belief as to the remaining allegations of this paragraph and, on that basis, denies those allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0680-9857 v1                - 2 -                CASE NO. C 07-04996 PVT
ANSWER BY STONEBRIDGE TO COMPLAINT

6.      Answering the allegations of Paragraph 7, Stonebridge admits and alleges that Ayllon died on August 13, 2006, when she drowned during a whitewater rafting excursion in Bolivia; and that Plaintiff is the beneficiary under the Certificate issued to Ayllon.  Except as expressly admitted or alleged herein, Stonebridge lacks sufficient information or belief as to the remaining allegations of this paragraph and, on that basis, denies those allegations.

7.      Answering the allegations of Paragraph 8, Stonebridge admits and alleges that it was provided notice of Ayllon's death; that Stonebridge paid Plaintiff benefits under Part III of the Certificate, which provides benefits if a Covered Person dies from accidental bodily injuries not otherwise covered under Part I or Part II of the Certificate; that benefits under Part I were denied because Ayllon's death did not occur while she was a passenger in a duly licensed Common Carrier since the excursion operator was not a common carrier, did not operate under a license for regularly scheduled passenger service, and did not provide regularly scheduled passenger service; and that the excursion operator was licensed as a tour operator, was not licensed in Bolivia to provide regularly scheduled passenger service, provided excursions upon request at time and over routes that varied and were selected by the interested parties.  Except as expressly admitted or alleged herein, Stonebridge denies the allegations of this paragraph.

8.      Answering the allegations of Paragraph 9, Stonebridge admits and alleges that it is a member of the California Life and Health Insurance Guarantee Association and that it complies, where applicable, with the laws of California. Except as expressly admitted or alleged herein, Stonebridge denies the remaining allegations of this paragraph.

/ / /

/ / /

/ / /

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4839-0680-9857 v1                - 3 -

CASE NO. C 07-04996 PVT
ANSWER BY STONEBRIDGE TO COMPLAINT

## FIRST CAUSE OF ACTION.

9.      Answering the allegations of Paragraph 10, Stonebridge refers to and incorporates herein as though set forth in full each of its allegations, admissions, and denials with respect to Paragraphs 1 through 9 of the Complaint.

10.     Answering the allegations of Paragraphs 11 and 12, Stonebridge admits and alleges that Stonebridge paid Plaintiff benefits under Part III of the Certificate, which provides benefits if a Covered Person dies from accidental bodily injuries not otherwise covered under Part I or Part II of the Certificate, after she died during a whitewater rafting excursion; that benefits under Part I were denied because Ayllon's death did not occur while she was a passenger in a duly licensed Common Carrier since the excursion operator was not a common carrier, did not operate under a license for regularly scheduled passenger service, and did not provide regularly scheduled passenger service; and that the excursion operator was licensed as a tour operator, was not licensed in Bolivia to provide regularly scheduled passenger service, provided excursions upon request at time and over routes that varied and were selected by the interested parties.  Except as expressly admitted or alleged herein, Stonebridge denies the remaining allegations of these paragraphs.

## SECOND CAUSE OF ACTION

11.     Answering the allegations of Paragraph 13, Stonebridge refers to and incorporates herein as though set forth in full each of its allegations, admissions, and denials with respect to Paragraphs 1 through 12 of the Complaint.

12.     Answering the allegations of Paragraph 14, Stonebridge admits and alleges that Ayllon was insured by Stonebridge under Certificate No. 84AHIV3978 for certain accidental death and dismemberment benefits, subject to the terms and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0680-9857 v1      - 4 -      CASE NO. C 07-04996 PVT
ANSWER BY STONEBRIDGE TO COMPLAINT

1  conditions of the Certificate and Group Policy and that the Policy was in force at
2  the time of her death.  Except as expressly admitted or alleged herein, Stonebridge
3  denies the remaining allegations of these paragraphs.

4      13.     Answering the allegations of Paragraph 15, Stonebridge admits and
5  alleges that Plaintiff is the beneficiary under the Certificate issued to Ayllon; that
6  the Policy and Certificate provide under Part I, benefits for travel by common
7  carrier; and specifically that the Policy provides a benefit of $1,000,000 if a
8  Covered Person dies from bodily injuries caused by an accident as a direct result of
9  a collision, crash, or sinking of a duly licensed Common Carrier while riding as a
10 fare-paying passenger; and that a Common Carrier is specifically defined by the
11 Policy to mean "an air, land, or water public conveyance operated under a license
12 for regularly scheduled passenger service.  Except as expressly admitted or alleged
13 herein, Stonebridge denies the remaining allegations of these paragraphs.

14     14.     Answering the allegations of Paragraphs 16 and 17, Stonebridge
15 denies the allegations of those paragraphs.

16
17                          **THIRD CAUSE OF ACTION**
18
19     15.     Answering the allegations of Paragraph 18, Stonebridge refers to and
20 incorporates herein as though set forth in full each of its allegations, admissions,
21 and denials with respect to Paragraphs 1 through 17 of the Complaint.

22     16.     Answering the allegations of Paragraphs 19, 20, 21, and 22,
23 Stonebridge denies the allegations of those paragraphs.

24
25                         **FIRST AFFIRMATIVE DEFENSE**
26
27     17.     The Complaint and each purported cause of action alleged therein fails
28 to allege a claim for relief against Stonebridge.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4839-0680-9857 v1          - 5 -          CASE NO. C 07-04996 PVT
                                      ANSWER BY STONEBRIDGE TO COMPLAINT

1

## SECOND AFFIRMATIVE DEFENSE

2

3      18.    The Certificate issued to Ayllon by Stonebridge provides benefits

4   under Part I for loss caused by an accident as a direct result of "a collision, crash, or

5   sinking of a duly licensed Common Carrier while [a Covered Person is] riding as a

6   fare-paying passenger inside such Common Carrier." The Certificate defines a

7   "Common Carrier" to mean, "an air, land, or water public conveyance operated

8   under a license for regularly scheduled passenger service."

9      19.    Ayllon died from drowning on August 13, 2006 while on a whitewater

10   rafting excursion conducted by "Deportes Y Excursions De Aventura Bolivia

11   Ranabol" ("Ranabol"). Ranabol is licensed as a tourist operator and provides,

12   among other outdoor activities, whitewater rafting adventures. Ranabol is not

13   licensed in Bolivia to provide and does not provide regularly scheduled passenger

14   service; but instead conducts adventure excursions over different routes and at

15   varying times.

16      20.    Ranabol is not a Common Carrier under the Certificate and, as a result,

17   Ayllon's death was not the direct result of an accident while she was riding as a

18   fare-paying passenger on a duly licensed Common Carrier. Therefore, benefits are

19   not payable for this loss under Part I of the Certificate.

20           WHEREFORE, this answering Defendant prays judgment:

21      1.    That Plaintiff take nothing by reason of his Complaint;

22      2.    For costs of suit incurred herein, including attorneys' fees; and

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4839-0680-9857 v1                    - 6 -         CASE NO. C 07-04996 PVT
                                                       ANSWER BY STONEBRIDGE TO COMPLAINT

1        3.      For such other and further relief as the Court may deem just and

2    proper.

3

4    DATED:  October 3, 2007              BURKE, WILLIAMS & SORENSEN, LLP
                                          MICHAEL F. BELL
5

6
                                          By: */s/ Michael F. Bell*
7                                             MICHAEL F. BELL
                                              Attorneys for Defendant
8                                             Stonebridge Life Insurance Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0680-9857 v1                     - 7 -        CASE NO. C 07-04996 PVT
                                                    ANSWER BY STONEBRIDGE TO COMPLAINT