MARK B. FREDKIN, ESQ. [State Bar No. 53550]
DONN WASLIF, ESQ. [State Bar No. 164538]
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Plaintiff
MARVIN CASTRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CASTRO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JC PENNEY LIFE INSURANCE COMPANY, STONEBRIDGE LIFE INSURANCE COMPANY AND DOES 1-10,<br><br>　　　　　Defendants. | NO. C 07-04996 JF<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>(Complaint filed 8/10/2007) |

1. <u>Jurisdiction and Service</u>

The case was removed from Santa Clara County Superior Court by defendant. This court has subject matter jurisdiction under 28 U.S.C. §1332(a) (diversity jurisdiction) in that plaintiff and defendant are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

There are no issues regarding personal jurisdiction or venue. All parties have been served and have appeared.

2. <u>Facts</u>

Plaintiff, MARVIN CASTRO, is the husband and surviving heir of Miriam R. Ayllon who died on August 13, 2006. Ayllon purchased a Certificate of Life Insurance from JC Penney Life Insurance Company (now Stonebridge Life Ins. Co.). Said policy of insurance provided for $1,000,000 in coverage for loss of life that occurred while traveling by "common

carrier." In particular, Part I of the policy provided that a covered person had $1,000,000 coverage if there was injury, defined also as "death" as a "direct result of a collision, crash or sinking of a duly licensed common carrier while riding as a fare paying passenger inside such common carrier..." Said policy further defines common carrier to mean "an air, land or water public conveyance operated under a license for regularly scheduled passenger service."

Ayllon died on August 13, 2006, in Bolivia. She was a paying passenger on a watercraft owned by "Deportes Y Excusions De Aventura Bolivia Ranabol" ("Ranabol"). The watercraft tipped over and she drowned. Her beneficiary under the insurance contract was her husband, Marvin Castro. Appropriate notice and documentation of Ayllon's death was provided to defendant. On or about March 5, 2007, after receipt of necessary documentation, defendant denied the $1,000,000 death benefits to Marvin Castro.

The principal factual disputes are over Ranabol's service, schedule, licensing and routes.

3.   <u>Legal Issues</u>

The complaint includes causes of action for breach of contract, declaratory relief and breach of the covenant of good and fair dealing in denial of insurance benefits. Plaintiff contends that Ranabol is a "common carrier" under the policy. Plaintiff contends that everyone who offers to the public to carry persons, property, or messages (except telegraphic) is a common carrier of whatever he or she offers to carry. California Civil Code §2168. A common carrier within the meaning of section 2168 has been defined as any entity that holds itself out to the public generally and indifferently to transport goods or persons from place to place for profit. *Samuelson v. Public Utils. Comm'n* (1951) 36 Cal.2d 722, 728–730. And, it does not matter that the passenger's purpose in purchasing the transportation is to travel for entertainment, sightseeing or simply to get to another place. *Gomez v. Superior Ct.* (2005) 35 Cal.4th 1125, 1136.

Defendant asserts that Ranabol is not a "Common Carrier" under the policy. Ranabol is licensed as a tourist operator and provides, among other outdoor activities, whitewater rafting adventures. Ranabol is not licensed in Bolivia to provide and does not provide

regularly scheduled passenger service; but instead conducts adventure excursions over different routes and at varying times. Allyon died while on a whitewater rafting excursion and not while a passenger on a water public conveyance operated under a license for regularly scheduled passenger service. Defendant contends that Ranabol is not a "Common Carrier" under the policy definition because Ranabol is not licensed to provide regularly scheduled passenger service and does not provide regularly scheduled passenger service. Under statutory rules of contract interpretation, the clear and explicit policy language governs. Civil Code §1638. The mutual intent of the parties is to be inferred, if possible, solely from the written provisions of the contract." *AIU Ins. Co. v. Sup.Ct. (FMC Corp.)* (1990) 51 C.3d 807, 821-822, 274 CR 820, 831. The policy has a clear and explicit definition of a Common Carrier. Therefore, the California statutory definition of a common carrier is irrelevant. Decisions under accident policies regarding whitewater rafting have uniformly concluded that whitewater rafts are not common carriers and have resorted to state-law definitions of a common carrier only in the absence of such a definition in the policy.

4. <u>Motions</u>

The Court has set the hearing on the parties' cross motions for summary judgment on December 19, 2008.

5. <u>Amendment of Pleadings</u>

The parties do not anticipate changes to the pleadings.

6. <u>Evidence Preservation</u>

There are no issues in this regard at this time.

7. <u>Disclosures</u>

The parties have exchanged their FRCP 26 disclosures on or about December 19, 2007.

8. <u>Discovery</u>

Pursuant to Rule 26(f), the parties held a telephone conference (November 9, 2007) to reach an agreed discovery plan and to discuss each party's anticipated discovery.

<u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan:

a. Discovery is needed with respect to the factual allegations set forth in the

complaint.

b. The parties agree that discovery should be completed by October 1, 2008.

c. It is agreed that each side is allowed to propound up to 25 interrogatories to the other side, unless later stipulated otherwise.

d. It is agreed that each side is allowed to propound 25 document requests (in addition to the documents produced pursuant to FRCP 26(a)(1) disclosures). Documents will include those derived from computer hard-drives and electronic mail.

e. It is agreed that each side is allowed to propound 15 requests for admissions.

f. It is agreed that responses to all discovery are due 35 days after service.

g. It is agreed that each side is allowed to notice up to 7 depositions, each not to exceed 7 hours in length unless the parties stipulate otherwise.

h. Expert disclosures and experts' reports are due <u>no later than 45 days before the deadline for completion of discovery</u> (August 15, 2008). Rebuttal experts must be disclosed 30 days thereafter (Sept. 15, 2008).

<u>Pre-Trial Conference</u>. The court has set a further CMC for December 19, 2008. The parties request a Pre-Trial Conference in late January, 2009.

<u>Dispositive Motions</u>. Deadline for filing of dispositive motions is: November 3, 2008 (Monday).

<u>ADR</u>. The parties stipulate to participation in private mediation.

<u>Witness/Exhibit Lists</u>. Final lists of witnesses and exhibits under FRCP 26(a)(3) must be served by November 30, 2008. Objections to these lists must be served 15 days thereafter.

<u>Joinder of Parties/Amend Pleadings</u>. Deadline for joinder of parties and to amend pleadings without leave of court: January 30, 2008.

<u>Trial Date</u>. The parties desire a late January/early February, 2009 trial date.

9. <u>Class Actions</u>

AMENDED JOINT CASE MANAGEMENT STATEMENT                                                                      4

Not Applicable.

10. <u>Related Cases</u>

    Not Applicable.

11. <u>Relief</u>

    Plaintiff seeks the benefits of the life insurance policy, $1,000,000.

12. <u>Settlement and ADR</u>

    The parties completed a private mediation on April 23, 2008.

13. <u>Consent to Magistrate Judge</u>

    Consent was not given and the matter has already been assigned to Judge Fogel.

14. <u>References</u>

    Not Applicable.

15. <u>Narrowing of Issues</u>

    Not Applicable.

16. <u>Expedition of Case</u>

    Not Applicable.

17. <u>Scheduling</u>

    Not Applicable.

18. <u>Trial</u>

    Plaintiff has requested a jury and expects a 4–5 day trial.

19. <u>Non-party Interested Entities/Persons</u>

    Both plaintiff and defendant have filed Certifications required by Civil Local Rule 3-16. Defendant has certified that as of this date, other than the named parties, there is no such interest to report. Plaintiff has certified that it is unaware of any non-parties with such interest.

Dated: June 18, 2008                MORGAN, FRANICH, FREDKIN & MARSH

                                    By _____
                                    DONN WASLIF
                                    Attorneys for Plaintiff
                                    MARVIN CASTRO

| | | |
|---|---|---|
| 1 | Dated: June 19, 2008 | BURKE, WILLIAMS & SORENSEN LLP |

By /s/ Michael F. Bell
MICHAEL F. BELL
Attorneys for Defendant
STONEBRIDGE LIFE INSURANCE COMPANY

[PROPOSED]

ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated:

HON. JEREMY FOGEL, Judge
U.S. District Court For the Northern District of California

AMENDED JOINT CASE MANAGEMENT STATEMENT

6